BENJAMÍN ORTIZ CASTRO, Petitioner and Appellant, *v.* GERARDO DELGADO, WARDEN OF THE STATE PENITENTIARY, Respondent and Appellee.

No. AP-66-40.     Decided April 18, 1969.

---

*Enrique Miranda Merced, Edna Abruña Rodríguez,* and *E. Armstrong Watlington* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Elpidio Arcaya, Assistant Solicitor General,* for The People.

PER CURIAM: Appellant was serving ten sentences in the State Penitentiary. In the course of his activities he was and is known by the following names and aliases: Benjamín Ortiz Castro, Santos Taracio Hernández Cruz, Eleuterio Rodríguez Ortiz, Ramón Fernández Pérez, Eleuterio Ortiz Rodríguez, Ramón Hernández Cruz, Joaquín Rodríguez Fernández, Julio Martínez, Atanacio Hernández Cruz, Santos Hernández Cruz, Ramón Ortiz Rodríguez, Don Q, and Tabaquito.

At the request of his father, the Governor, exercising the discretion conferred upon him by the Constitution, Art. IV, § 4, granted him a conditional pardon which appellant accepted. One of the conditions contained in said pardon was the following: "He shall observe good conduct and abstain himself from committing any public offense."[1] Under the conditional pardon the Governor ordered the person pardoned to remain subject to the supervision of the Chairman of the Parole Board of Puerto Rico.

More than two years after the pardon was granted and following the formal recommendation of the Chairman of the Parole Board, the Governor revoked the pardon and appellant was recommitted to the penitentiary. In order to make said recommendation the Chairman of the Parole Board performed an investigation by reason of complaints received concerning the conduct of the person pardoned. In the course of said investigation complainants and appellant were heard.

---

[1] All the conditions of the pardon are legal. None is illegal, immoral, or impossible of performance. *People* v. *Albizu,* 77 P.R.R. 843, 849 (1955).

Because of his imprisonment appellant filed a petition for habeas corpus, the writ was issued and the hearing was held at the Superior Court, San Juan Part. Appellant appeared at the hearing personally and represented by counsel. After the hearing the court denied the petition by written and well-grounded judgment.

On appeal appellant alleges that the revocation of the pardon was an unreasonable and arbitrary action on the part of the Governor. For the reason we shall explain hereinafter we need not consider the frailness of said contention in the light of the record, the transcript of evidence and the applicable law. *Reynolds* v. *Delgado, Warden,* 91 P.R.R. 294 (1964); *People* v. *Albizu,* 77 P.R.R. 843 (1955) and cases cited therein; *Ex parte Oquendo,* 32 P.R.R. 601 (1924).[2]

It is not necessary, as we said before, to consider the merits—or lack of them—of the error assigned because it is a true fact that on March 13, 1961 appellant, being under conditional pardon, committed a felony for which he was prosecuted and convicted. He irrefutably violated the aforementioned condition of the pardon of abstaining himself from committing a public offense. Although unnecessary, for more certainty, we point out that petitioner herein took appeal before this Court from his conviction for the offense he committed while being subject to conditional pardon and that this Court affirmed the judgment on June 28, 1963 by per curiam opinion in case CR-62-282, *People* v. *Andrade González,* 88 P.R.R. 845.

In view of the foregoing the judgment rendered in this case on November 15, 1965, by the Superior Court, San Juan Part, will be affirmed.

---

[2] Note that this is not a case of a person who has been released on parole by the Parole Board, in which case the conditions and procedure established by law for the revocation of parole, Act No. 59 of June 19, 1965, 4 L.P.R.A. § 646, Supplement, would be applicable.